*367
 
 Pearson, J.
 

 The county court is directed to appoint overseers of the public roads, and the cleric is directed to furnish the sheriff with two copies of each order making the appointment ; one is to be delivered to the overseer, the other is to be returned to court, “ with the date of its reception, and the date of the service, endorsed thereon.” The purpose of the latter is, to enable the State to charge the overseer, if he neglects to keep the road in repair. The former is the commission of the overseer, and its purpose is to enable him to prove his appointment, so as to recover against any person who may fail to work on the road when duly notified. These copies are proper and
 
 sufficient
 
 evidence of the appointment; like letters testamentary, or the certificate of the ordinary, or clerk of the county court, of liis appointment of an administrator, The case states, that the plaintiff offered in evidence one of the copies. It certainly could make no difference, that it was the copy which the sheriff had returned to court; nor ought the plaintiff to have been prejudiced by the omission of the sheriff to make the proper endorsement on it$ as it was proved that a copy had been served upon the plaintiff. So, we think the fact of his appointment was duly established, and the introduction in evidence of the “ road-book,” or rough memorandum, kept by the clerk, was unnecessary ; of course, we need not notice the objections made to it.
 

 Pee CueiaM-, Judgment affirmed.